United States Department of Justice
Office of the United States Trustee
1100 Commerce St. Room 976
Dallas, Texas 75242
(214) 767-1075

Erin Marie Schmidt,
for the United States Trustee
Erin.Schmidt2@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | Case No. 24-44345-MXM-11 |
| **RPM Expedite USA, LLC,** | § | |
| | § | |
| | § | |
| | § | Hearing Date: July 10, 2025 |
| | § | Hearing Time: 11:00 AM CT |
| **Debtor-in-Possession.** | § | |

<u>**United States Trustee's Motion to Dismiss Case under 11 U.S.C. § 1112(b)**</u>

TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"), moves to dismiss the above-referenced Debtor under 11 U.S.C. § 1112(b). The United States Trustee would respectfully show:

<u>**Summary**</u>

Cause exists to dismiss this case because RPM Expedite USA, LLC (the "**Debtor**") has not filed operating reports for December 2024 through April 2025 and owes $5,482.00 in estimated quarterly fees through first quarter 2025. The Debtor also agrees to dismissal.

Page **1** of **6**

## Jurisdiction

1. The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference. Dismissal or conversion under 11 U.S.C. § 1112(b) impacts the case administration and therefore is a core matter that the Court has the power to resolve. 28 U.S.C. § 157(b)(2)(A).

## Facts

General background

2. The Debtor owns and operates a logistics company that specialized in shipping furniture that was headquartered at 5457 Sandshell Drive, Fort Worth, Texas, 76177 ("**Headquarters**").

3. On November 22, 2024 (the "**Petition Date**"), the Debtor filed its voluntary chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of Texas.

4. The Debtor averred on Schedule A/B that, as of the Petition Date, it owned no real estate and its personal assets are valued at $2,375,016.04.

5. The Debtor's personal property consisted of the following:

   a. $91,395.49 in cash;

   b. $2,157,352.55 in accounts receivables;

   c. $10,000.00 in office furniture, fixtures, and equipment;

   d. $55,000.00 in machinery, equipment, and vehicles; and

   e. $61,268.00 in "abandoned furniture from clients."

6. The Debtor's largest secured lender is Frost Bank, which is owed $4,317,506.92. POC 51-1.

7.  On April 7, 2025, the Court entered an order granting the Debtor's motion to reject its Headquarters lease; as part of its deal with the landlord, any property left in the Headquarters premises was deemed abandoned under 11 U.S.C. § 554.

8.  This property includes office equipment and abandoned furniture.

9.  The United States Trustee has information and belief that the Debtor is no longer operating.

10. The Debtor has not filed operating reports for the period December 2024 through April 2025.

11. The Debtor owes an estimated $5,482.00 in quarterly fees for fourth quarter 2024 and first quarter 2025.

12. Quarterly fees are estimated from the Debtor's only filed report for November 2024.

Debtor agrees to dismissal

13. While the Debtor appears to have a large amount of unencumbered assets, $2,157,352.55 of these are accounts receivables whose collectability is questionable.

14. On May 21, 2025, Howard Spector, counsel for the Debtor, confirmed with the undersigned that the Debtor agrees to dismissal.

**Argument**

Overview

15. Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot covert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

Failure to file operating reports and pay quarterly fees

16. A chapter 11 case may also be dismissed if the debtor fails to timely satisfy any reporting requirements or provide information reasonably requested by the United States Trustee. 11 U.S.C. § 1112(b)(4)(F) and (H).

17. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

> Local Bankruptcy Rule 2020-1.

18. The United States Trustee's *Guidelines for Chapter 11 Cases Operating Instructions and Reporting Requirements Northern & Eastern Districts of Texas Region VI*[1] ("*Guidelines*") requires debtors to file periodic monthly operating reports.

19. The Debtor's failure to file any operating reports for the period December 2024

---

[1] The latest version of the *Guidelines,* which was last updated in February 2024, may be found on the United States Trustee's Region 6 website.

through April 2025 constitutes cause for dismissal.

20.    This case should also be dismissed because the Debtor owes an estimated $5,482.00 in quarterly fees for fourth quarter 2024 and first quarter 2025. 11 U.S.C. § 1112(b)(4)(K). These fees are extrapolated from the Debtor's only filed report for November 2024.

<u>Dismissal, not conversion, in the best interests of creditors</u>

21.    The Debtor does not appear to have any equity in its personal property. For this reason, dismissal, not conversion, is in the best interests of creditors and the estate.

## **Conclusion**

The United States Trustee respectfully requests that the Court dismiss this case. The United States Trustee further respectfully requests that the Court grant any other relief to which he might be entitled.

DATED: June 11, 2025                Respectfully submitted,

                                                  LISA L. LAMBERT
                                                  UNITED STATES TRUSTEE

<u>/s/ Erin Marie Schmidt</u>
Erin Marie Schmidt
Trial Attorney
Texas State Bar No. 24033042
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-1075
Erin.Schmidt2@usdoj.gov

## Certificate of Conference

     I certify that on May 21, 2025, I conferred with Debtor's counsel Howard Spector, who confirmed that the Debtor agrees to dismissal of this case.

## Certificate of Service

I certify that a copy of this document was served on all parties entitled to receive ECF on June 11, 2025, and that all parties listed on the attached matrix were served by first class U.S. Mail, postage prepaid, on June 12, 2025.

                                        */s/ Erin Marie Schmidt*
                                        Erin Marie Schmidt